UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KEITH MAURICE SHARP
a/k/a SHARPE,
    Petitioner,

vs.                                                  Case No.: 4:21cv289/AW/EMT

RICKY D. DIXON,[1]
    Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

Petitioner Keith Sharp a/k/a Sharpe (Sharp) commenced this habeas action by filing a petition under 28 U.S.C. § 2254 (ECF No. 1). He subsequently filed an amended petition (ECF No. 3). Respondent (the State) filed a motion to dismiss the petition as untimely (ECF No. 8), with relevant portions of the state court record (ECF Nos. 8-1 and 8-2). Sharp responded in opposition to the motion to dismiss (ECF No. 11).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R.

---

[1] Ricky D. Dixon succeeded Mark S. Inch as Secretary for the Florida Department of Corrections, and is automatically substituted as Respondent. *See* Fed. R. Civ. P. 25(d).

Civ. P. 72(b). After careful consideration of the timeliness issue, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the State's motion to dismiss should be granted, and the amended habeas petition dismissed as untimely.

I.   RELEVANT BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* ECF Nos. 8-1 and 8-2).[2] Sharp was charged in the Circuit Court in and for Wakulla County, Florida, Case No. 2007-CF-5, with armed robbery with a deadly weapon (ECF No. 8-1 at 11 (amended information)). A jury found Sharp guilty as charged (*see* ECF No. 8-1 at 13–261 (transcript of jury trial); *id.* at 263 (verdict)). On April 17, 2008, the court sentenced Sharp to a split sentence of ten years in prison followed by five years of probation (ECF No. 8-2 at 2–17 (transcript of sentencing hearing)). Judgment rendered on April 21, 2008 (ECF No. 8-2 at 19–26 (judgment), *id.* at 31–36 (order of probation)). On July 22, 2009, the

---

[2] The court refers to the document numbers and page numbers automatically assigned by the court's electronic filing system.

Florida First District Court of Appeal affirmed the judgment per curiam without written opinion in Case No. 1D08-1900 (ECF No. 8-2 at 85 (decision)). *Sharpe v. State*, 12 So. 3d 756 (Fla. 1st DCA 2009). The mandate issued August 7, 2009 (ECF No. 8-2 at 86 (mandate)).

On December 4, 2017, while Sharp was serving the probationary portion of his sentence, the state court issued a warrant for his arrest for violation of probation (VOP) (ECF No. 8-2 at 206–07 (VOP warrant)). Sharp entered a written admission to the VOP (ECF No. 8-2 at 209–10 (Plea/Admission to a Violation of Probation and Acknowledgement of Rights Form)). On February 7, 2018, the court adjudicated Sharp guilty of the VOP and reinstated his probation with modified conditions (ECF No. 8-2 at 211–16 (VOP judgment); *id.* at 220–21 (order)).

On June 4, 2018, the state court issued another warrant for Sharp's arrest for violation of probation (VOP) (ECF No. 8-2 at 226–27 (VOP warrant)). On September 5, 2018, Sharp entered a written admission to the VOP (ECF No. 8-2 at 231–32 (Plea/Admission to a Violation of Probation and Acknowledgement of Rights Form)). In a judgment rendered on September 7, 2018, the court adjudicated Sharp guilty of the VOP and sentenced him to fifteen years in prison with credit for

all time he previously served in the Department of Corrections and jail credit of 683 days (*id.* at 235–41 (VOP judgment)).  Sharp did not appeal the VOP judgment.

On September 17, 2020, Sharp filed a motion for correction of jail credit in the state circuit court, pursuant to Rule 3.801 of the Florida Rules of Criminal Procedure (ECF No. 8-2 at 247–52 (Rule 3.801 motion)).  The State asserts this motion was still pending in the circuit court as of November 16, 2021, the date the State filed the instant motion to dismiss (*see* ECF No. 8 at 5).

Sharp signed his initial § 2254 petition on July 8, 2021 (*see* ECF No. 1 at 15). Sharp's amended § 2254 petition presents the following grounds for relief:

> Ground One:  "False imprisonment, the Petitioner is being restraint [sic] handcuffs, bounded [sic] in an area without legal authority, justification or consent without any lawful warrantor authority and without the Petitioner [sic] permission to use his property."
>
> Ground Two:  "Kidnapping, the Petitioner is being forcibly abducted in his own country held as prisoner in order to demand more ransom from his family."
>
> Ground Three:  "Lack of subject matter jurisdiction over the nature of the case and the extent to which a court can rule on the conduct of persons or the status of things."

(ECF No. 3 at 9, 11, 13–14).

II.  APPLICABLE LEGAL STANDARDS

A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute also includes a tolling provision, which provides, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." *See* 28 U.S.C. § 2244(d)(2).

Case No.:  4:21cv289/AW/EMT

Federal habeas petitioners may also invoke the doctrine of "equitable tolling." *See Holland v. Florida*, 560 U.S. 631 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a "miscarriage of justice" or "actual innocence" exception applies to § 2244(d), but only when the petitioner presents new evidence that shows "'it is more likely than not that no reasonable juror would have convicted [the petitioner.]'" 569 U.S. at 394–95 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). A substantial claim that constitutional error has caused the conviction of an innocent person is "extremely rare." *Schlup*, 513 U.S. at 327. To be credible, such a claim requires a petitioner to support his allegations of constitutional error with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.*

III.   DISCUSSION

The State contends the appropriate statutory trigger for the federal limitations period in this case is the finality date of the VOP judgment, pursuant to

Page 7 of 12

§ 2244(d)(1)(A) (*see* ECF No. 8 at 6). As indicated *supra*, Sharp did not appeal the VOP judgment, which rendered on September 7, 2018. If a prisoner does not appeal the state court judgment, his conviction becomes final when the time for filing a direct appeal expires. *See* Fla. R. App. P. 9.140(3). Sharp's conviction became final, for federal habeas purposes, on October 8, 2018, upon expiration of the thirty-day period for filing a direct appeal of the VOP judgment. The federal limitations period commenced the next day, on October 9, 2018,[3] and expired one year later, on October 9, 2019. *See Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (noting that the AEDPA's statute of limitations period should be calculated using "the anniversary date of the triggering event"). Sharp's § 2254 petition, filed on July 8, 2021, was thus untimely.

Sharp contends he is entitled to tolling of the limitations period from October 2, 2019 to the present, because he has been exhausting his "Private Independent Administrative Process" (*see* ECF No. 11 at 1–4). Sharp states that on October 2, 2019, he commenced a "remedy as a Secured Party Creditor/Private Citizen" by

---

[3] Federal Rule of Civil Procedure 6(a) provides that "[i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." Fed. R. Civ. P. 6(a); *see also Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).

Case No.: 4:21cv289/AW/EMT

filing a "Conditional Acceptance for Value (CAFV)" in his criminal case and sending copies to the State Attorney's Office and the Florida Attorney General's Office (*see id.*). Sharp attached copies of these documents to his initial § 2254 petition (*see* ECF No. 1-1 at 30–46). He also attached numerous other documents, including "Authority for Use of the Enclosed GSA Bonds," "Processing Instructions," "Bonded Registered Bill of Exchange In Accord With HJR-192," "Release of Lien on Real Property," "Release of Personal Property From Escrow," several "Bonds," "Affidavit of Individual Surety," "Reinsurance Agreement For a Bonds Statute Performance Bond," "Reinsurance Agreement in Favor of The United States," "Uniform Commercial Code Financing Statement," and so on (ECF No. 1-1 at 2–3, 17–64; ECF No. 1-2 at 1–85).

Sharp also attached a document, titled "Authorities" (ECF No. 1-1 at 4–16), which sets forth the alleged legal basis for the relief he requests in his amended § 2254 petition:

> Vacate Case Number: #07-5CF, void Judgment ab initio, and release the collateral; one Keith-Maurice; Sharp, a flesh-and-blood Sentient Man, Private Citizen and Secured Party Creditor and of the people [sic] Constitution the State of Florida in a Sovereign Capacity among other people. Return all property back to the owner. Order the Respondent to forfeit the Bonds on the grounds that they are in Commercial Dishonor. Return all Capital and 33% percent [sic] interest back to the Principal.

Case No.: 4:21cv289/AW/EMT

(ECF No. 3 at 20; *see also* ECF No. 1-1 at 4–16).

Sharp's arguments, which are grounded in his self-perceived status as a "sovereign citizen," are meritless and do not show he is entitled to tolling of the federal limitations period or federal review of his habeas claims through any recognized exception to the time bar. *See, e.g., United States v. Davis*, 586 F. App'x 534, 536–37 (11th Cir. 2014) ("Previously, we've noted that so-called 'sovereign citizens' are individuals who believe they are not subject to courts' jurisdiction and often deny being named defendants in actions to which they are parties, instead referring to themselves as third-party intervenors. We've further said that courts repeatedly have been confronted with sovereign citizens' attempts to delay judicial proceedings, and summarily have rejected their legal theories as frivolous.").

## IV. CONCLUSION

Sharp's federal habeas petition was not filed within the one-year statutory limitations period; and he has not shown he is entitled to federal review of his habeas claims through any recognized exception to the time bar. Therefore, the State's motion to dismiss should be granted, and the amended habeas petition dismissed with prejudice as untimely.

## V. CERTIFICATE OF APPEALABILITY

Case No.: 4:21cv289/AW/EMT

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, — U.S.—, 137 S. Ct. 759, 773 (2017) (citing *Miller-El*, 537 U.S. at 327). The petitioner here cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Case No.:  4:21cv289/AW/EMT

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

The clerk of court is directed to substitute Ricky D. Dixon for Mark Inch as Respondent.

And it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 8) be **GRANTED**.

2. That the amended petition for writ of habeas corpus (ECF No. 3) be **DISMISSED with prejudice** as untimely.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 25th day of January 2022.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Case No.: 4:21cv289/AW/EMT

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**